**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD J. SILVERBERG | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 25-2729 |
| DUPONT DE NEMOURS, INC. *ET AL.* | : | |

# ORDER

**AND NOW**, this 18th of November, 2026, upon consideration of the Motion of the Joint Defendants[1] for Pre-Filing Injunction and Dismissal (Dkt. No. 13) and the Motion to Dismiss Claims Against the William Penn Foundation ("William Penn") and Janet Haas, M.D. ("Haas") ("William Penn/Haas Mot. to Dismiss Claims," (Dkt. No. 25), and Plaintiff's opposition thereto (Dkt. Nos. 16 & 20), it is **ORDERED** that the Joint Defendants' Motion for Dismissal and the William Penn/Haas Motion to Dismiss Claims are **GRANTED** as set forth below.

1. The Complaint and claims asserted therein are **DISMISSED** ***without prejudice*** and ***without leave to amend*** as follows:

(a) For lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine with respect to all claims asserted against all Defendants; and

(b) Pursuant to Eleventh Amendment sovereign immunity with respect to all claims asserted against the Disciplinary Board, the ODC, the Judicial Defendants, the Board Defendants, and ODC Counsel.

2. The Complaint and claims asserted therein are **DISMISSED** ***with prejudice*** as follows:

(a) Pursuant to *res judicata* with respect to (i) all claims against the Judicial Defendants, the ODC, and ODC Counsel that were previously dismissed by the Third Circuit based on judicial immunity, quasi-judicial immunity, and for failure to state a claim; and (ii) all claims

against all other Defendants that were previously dismissed by the Third Circuit for failure to state a claim;

(b) Pursuant to judicial immunity with respect to all claims asserted against the Judicial Defendants;

(c) Pursuant to quasi-judicial immunity with respect to all claims asserted against the Judicial Defendants, the Board Defendants, and ODC Counsel;

(d) Pursuant to prosecutorial immunity with respect to all claims asserted against the Board Defendants and ODC Counsel; and,

(e) For failure to state a claim with respect to all claims asserted against all Defendants.

**IT IS FURTHER ORDERED** that the Joint Defendants' Motion for Pre-Filing Injunction is **GRANTED** as set forth in the **PRE-FILING INJUNCTION ORDER** appended hereto.

The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] The Joint Defendants are: the City of Philadelphia ("City"), former City Mayor James Kenney, former City Solicitor Marcel S. Pratt, Esquire; former City Solicitor Diana Cortes, Esquire; Divisional Deputy City Solicitor Marissa O'Connell, Esquire; former Deputy City Solicitor Brian R. Cullin, Esquire; Dow, Inc.; Andrew Liveris; The Vanguard Group, Inc.; Timothy Buckley; William Penn; Haas; Liberty Mutual Group, Inc.; David H. Long; DuPont de Nemours, Inc.; Edward Breen; International Flavors & Fragrances, Inc.; Andreas Fibig; Gellert Scali Busenkell & Brown LLC; Gary F. Seitz; Avantor, Inc.; Rajiv Gupta; Corteva, Inc.; and Ballard Spahr LLP.

In addition to the Joint Defendants, William Penn, and Haas, the following are also named as Defendants in this action: Philadelphia Court of Common Pleas Judges Joshua H. Roberts and Daniel J. Anders (collectively, the "Judicial Defendants"); The Disciplinary Board of the Supreme Court of Pennsylvania (the "Disciplinary Board"), former Disciplinary Board Chair David S. Senoff, Esquire, and Disciplinary Board member Brian S. Neft, Esquire (collectively, the "Board Defendants"); the Office of Disciplinary Counsel ("ODC"); and ODC Chief Disciplinary Counsel Thomas J. Farrell, Esquire, and ODC Disciplinary Counsel Richard Hernandez, Esquire (collectively, "ODC Counsel").